The FOUNDING CHURCH OF SCIENTOLOGY OF WASHINGTON, D. C. INC., Plaintiff,

v.

UNITED STATES MARSHALS SERVICE, et al., Defendants.

Civ. A. No. 80–1479.

United States District Court, District of Columbia.

Dec. 31, 1980.

George T. Volsky, Washington, D. C., for plaintiff.

Rebecca L. Ross, Asst. U. S. Atty., Washington, D. C., for defendants.

MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, District Judge.

This matter is before the Court on the defendants' motion to dismiss or, in the alternative, for summary judgment, and defendants' motion for protective order. The plaintiff has filed oppositions to both motions.

This action was brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (1976) (FOIA). By letter dated April 1, 1980, the plaintiff, through one of its members, requested that the U.S. Marshal for the District of Columbia provide it with all files, documents, memoranda, orders, or any other records under the control of or located in the physical office of the United States Marshals Service relating to the assignment of personnel to United States District Court Judge Charles Richey, while he was presiding over hearings in Los Angeles, California, in the case of *United States v. Mary Sue Hubbard*, D.C., 493 F.Supp. 202, during July 1979. By letter dated May 14, 1980, the U.S. Marshals Service responded that it had conducted a search of its files and could locate no documents pertaining to a personal security detail on Judge Richey while he was presiding over the hearing of the aforementioned case. The letter further stated that their records indicated that two deputies from the District of Columbia office were assigned to the United States Marshals Office for the Central District of California for a court security detail, commencing July 1 and terminating July 23, 1979. The letter listed three documents pertaining to the assignment, and stated that the documents were exempt from disclosure pursuant to Exemption Two of the Freedom of Information Act. On May 20, 1980,

the requester appealed the defendants' denial of the requested documents. The appeal was not processed in a timely fashion, and the plaintiff filed suit on June 13, 1980.

Subsequent to the initiation of this action, defendants conducted a second search of their files, finding two additional documents potentially responsive to plaintiff's request. One document which originated in the Federal Bureau of Investigation was referred to that agency for analysis. In July 1980, the FBI denied access to this document based on Exemptions 7(C) and 7(D) of the FOIA.

Contemporaneous with the filing of the motion to dismiss or, in the alternative, for summary judgment, defendants released the three documents which had been withheld from plaintiff pursuant to Exemption 2. Defendants also released one of two documents discovered during the file search conducted after the plaintiff filed suit. The defendants continue to withhold from the plaintiff one document, a nine-page FBI Investigation Report which is responsive to plaintiff's request, claiming that Exemptions 7(C) and 7(D) of the FOIA authorize their nondisclosure of this document. However, defendants have submitted the report to the Court for *in camera* inspection.

In support of their motion to dismiss or, in the alternative for summary judgment, defendants have submitted four affidavits, three of which pertain to the file searches conducted (Affidavits of Louis G. Villaescusa, Lawrence E. Fischer and Werner R. Koehler). The fourth affidavit relates to the applicability of Exemptions 7(C) and 7(D) to the withheld document (Affidavit of John N. Phillips). Defendants assert that Exemption 7(C), which authorizes the withholding of "investigatory records compiled for law enforcement purposes but only to the extent that the production of such records would ... constitute an unwarranted invasion of personal privacy", applies to the FBI report because there is no doubt that it is an investigatory record compiled for law enforcement purposes, and that since the report deals with an investigation surrounding a threat to Judge Richey's life, disclosure of the report would constitute an invasion of his privacy. Defendants argue that if Judge Richey's interest in privacy is balanced against the public's very general interest in disclosure of the document, it is clear that the document should be withheld in its entirety. Further, defendants assert that portions of the document are being withheld from the plaintiff because they contain the names and other identifying data of third parties and confidential sources whose privacy is entitled to protection.

Defendants claim that Exemption 7(D) of the FOIA, which permits an agency to withhold "investigatory records compiled for law enforcement purposes but only to the extent that the production of such records would ... disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source", also applies to the FBI report, and is invoked to protect third parties and sources who gave information to the FBI in the course of the investigation.

The plaintiff opposes the defendants' motion to dismiss or, in the alternative, for summary judgment on two different grounds. First, the plaintiff asserts there is a genuine dispute as to the adequacy of the search conducted by defendants for documents responsive to plaintiff's request. Plaintiff has produced in the record of this case a document, which is apparently responsive to the FOIA request, entitled "Operations Order, Special Security for Federal Building, U.S. Courthouse, 312 N. Spring Street, Los Angeles, California 90012". The document originated with the Federal Protective Service and is addressed to the U.S. Marshal, among others. The plaintiff claims it obtained this document not from defendants, but from the originator, pursuant to a FOIA request. Thus, plaintiff argues that defendants' failure to produce the document, or to explain why it was not

**154**

uncovered during the defendants' search of their files, raises a genuine issue as to the adequacy of the search conducted. Plaintiff further contends that the fact the defendants found additional documents upon repeated searches raises the permissible inference that the searches were not thorough. The plaintiff maintains, moreover, that the affidavits submitted by defendants in support of their motion are totally inadequate and fail to meet the standards for agency affidavits as set forth in *Weisberg v. United States Department of Justice*, 200 U.S.App.D.C. 312, 627 F.2d 365 (1980). Thus, the plaintiff contends that summary judgment must be denied because the defendants have failed to demonstrate the absence of disputed facts.

The plaintiff also opposes the defendants' claim that Exemptions 7(C) and 7(D) of the FOIA are applicable to the FBI report which is withheld from the plaintiff. The plaintiff contends that defendants have failed to establish that the report was compiled for law enforcement purposes, that there are legitimate privacy interests at stake, or that the public interest in the report is outweighed by any privacy interests that may exist. The plaintiff further asserts that defendants have not made the requisite showing, pursuant to Exemption 7(D), that the information contained in the FBI report was received from sources external to the agency, that the information is confidential and that the agency promised to keep the information in confidence.

The defendants have replied to the plaintiff's opposition to their motion maintaining that the search conducted pursuant to the FOIA request was thorough and complete and within the scope of the request, and that the affidavits submitted on this issue are sufficient to establish that the search was adequate.

Upon consideration of the defendants' motion to dismiss or, in the alternative, for summary judgment, the plaintiff's opposition thereto, the entire record before the

Court and upon *in camera* review of the FBI Investigation Report, the Court finds that the defendants have properly invoked Exemption 7(C) and 7(D) of the FOIA as to the FBI report, and the Court upholds the defendants' nondisclosure of the report to the plaintiff. Accordingly, the Court will grant summary judgment in favor of defendants on this issue. However, the Court further finds that defendants have not demonstrated the absence of disputed facts as to the adequacy of the search of their files conducted in response to plaintiff's FOIA request, and the Court will deny summary judgment on this point.

Upon *in camera* review of the FBI Investigation Report the Court finds that the Federal Bureau of Investigation is a criminal law enforcement authority and that the report at issue was compiled by the FBI acting in the course of a criminal investigation for law enforcement purposes *. Thus, the report is an investigatory record compiled for law enforcement purposes. To ascertain whether Exemption 7(C) of the FOIA is validly asserted, the Court must determine whether there is a privacy interest involved, and if so, balance the privacy interest against the public interest in disclosure, *Department of the Air Force v. Rose*, 425 U.S. 352, 370–73, 96 S.Ct. 1592, 1603–05, 48 L.Ed.2d 11 (1975). The Court finds there are legitimate privacy interests involved in this matter. The entire report concerns an investigation undertaken pursuant to certain threats made against Judge Richey, who has a valid interest in being able to converse candidly with the FBI about the circumstances surrounding the threats and without fear of subsequent public disclosure of his statements. Also, the FBI agents and others who investigated the matter have a legitimate privacy interest in preserving the secrecy of matters that could subject them to annoyance or harassment in either their official or private lives. *Lesar v. United States Department of Justice*, 636 F.2d 472, at 487 (D.C.Cir., 1980), slip opinion

---

\* The investigation was instituted under 18 U.S.C. § 372, Conspiracy to injure or impede an

officer. (Affidavit of John N. Phillips).

at 29. The circumstances present in this matter dictate the protection of the privacy of the investigators. Furthermore, witnesses and others who provided information to the FBI have a valid concern for their privacy and should be free from anxiety that their names or other information by which they can be identified will be revealed to the public solely by virtue of their cooperation with law enforcement officials. The Court is persuaded by its *in camera* review of the FBI report, and by the affidavit submitted by defendants that there are legitimate personal privacy interests involved in the report. The Court is not persuaded by plaintiff's characterizations of the public interest in disclosure of the report. The Court does acknowledge that under certain circumstances the public is concerned about the conduct of the Federal Judiciary and events that may affect that conduct. However, the information contained in the FBI report is not of the type in which the plaintiff contends the public has an interest. Therefore, on balancing the privacy interests of the individuals against the public interest in disclosure, the Court finds the privacy interests far outweigh the public interest in this instance. The Court concludes as a matter of law that the FBI Investigation Report is an investigatory record compiled for law enforcement purposes, the disclosure of which would constitute an unwarranted invasion of personal privacy. The Court has carefully considered whether the report contains any reasonably segregable portions which can be released to the plaintiff. While the Court cannot now reveal the nature of the information contained in the report without risking harm to the privacy interests it has determined are entitled to protection, the Court can state that the information is so intertwined that to release portions of the report could result in injury to those privacy interests. Concluding that the report does not contain any reasonably segregable portions, the Court finds that Exemption 7(C) of the FOIA applies to the report in its entirety.

The Court also finds as a matter of fact, that a substantial portion of the FBI Investigation Report consists of confidential information furnished only by confidential sources. As a matter of law, since the report was compiled by a law enforcement authority in the course of a criminal investigation under circumstances from which assurances of confidentiality may be reasonably inferred,** Exemption 7(D) of the FOIA protects the identities of the sources of the information, as well as the information itself. *Church of Scientology v. U.S. Department of Justice*, 410 F.Supp. 1297, 1302 (C.D.Cal.1976), cited in *Duffin v. Carlson*, 636 F.2d 709, at 712 (D.C.Cir., 1980).

The Court has carefully examined the affidavits submitted by defendants in support of their claim that the search of their files was adequate. To prevail on this issue the defendants must demonstrate there is no issue respecting their assertion that all requested documents in their possession have been uncovered. The defendants' affidavits fail to make this showing. The Court of Appeals in this circuit has stated,

> [I]n adjudicating the adequacy of the agency's identification and retrieval efforts, the trial court may be warranted in relying upon agency affidavits, for these are equally trustworthy when they aver that all documents have been produced or are unidentifiable as when they aver that identified documents are exempt. To justify that degree of confidence, however, supporting affidavits must be relatively detailed and nonconclusory and must be submitted in good faith. Even if these conditions are met the requester may nonetheless produce countervailing evidence, and if the sufficiency of the agency's identification or retrieval procedure is genuinely in issue, summary judgment is not in order. *Founding Church*

---

** *Church of Scientology v. U.S. Department of Justice*, 410 F.Supp. 1297, 1302 (C.D.Cal.1976), quoting Committee on Government Operations & Committee on the Judiciary, 94th Cong., 1st Sess., Freedom of Information Act and Amendments of 1974 (P.L. 93–502, 88 Stat. 1561) at 230.

*of Scientology v. NSA*, 197 U.S.App.D.C. 305, 317, 610 F.2d 824, 836 (1979) (citations omitted).

The recent decision in *Weisberg v. United States Department of Justice*, 200 U.S.App. D.C. 312, 627 F.2d 365 (1980) reflects the position in this circuit regarding the requirements of agency affidavits on this issue. In *Weisberg* the court rejected agency affidavits which did not denote which files were searched or by whom, did not reflect any systematic approach to document location and did not provide information specific enough to enable the appellant to challenge the procedures utilized. *Weisberg v. United States Department of Justice, supra,* 200 U.S.App.D.C. at 318, 627 F.2d at 371. The court held that where the affidavit gave no detail as to the scope of the examination, it was insufficient as a matter of law to establish the completeness of the examination of the agency's files. *Id.* 200 U.S.App.D.C. at 317, 627 F.2d at 370.

The affidavits of Louis G. Villaescusa, Lawrence E. Fischer, and Werner R. Koehler are also insufficient to establish the completeness of the file search conducted by defendants. They contain no indication of which files were searched, by whom, and do not reflect any systematic approach to document location. The affidavit contain conclusory statements and refer only generally to searches conducted in various offices of the defendants. The Court is not in a position to conduct a true *de novo* review of the adequacy of the search made by defendants. Moreover, the plaintiff has succeeded in raising a genuine issue as to the adequacy of the search, pointing out that successive searches disclosed additional documents and the existence of one document that presumably should have been discovered but was not. In light of these circumstances, the defendants' motion to dismiss or, in the alternative for summary judgment on this issue must be denied.

The defendants have filed a motion for protective order requesting that the depositions of two agents of defendants not be taken until after plaintiff can demonstrate a need for discovery. The defendants maintain in this motion that discovery is unnecessary, at least until the Court rules upon their motion to dismiss or, in the alternative, for summary judgment. The plaintiff opposes the motion for protective order, contending that it has already shown there is a factual controversy surrounding the adequacy of the file search, and that it is entitled to discovery on this issue.

Upon consideration of the defendants' motion for protective order, the plaintiff's opposition thereto, the entire record, and the decisions of this Court as contained in this memorandum opinion, the defendants' motion for protective order will be granted at this time. However, the defendants are to file with the Court a detailed affidavit or affidavits which support(s) their assertions that the search of their files conducted in response to plaintiff's FOIA request was adequate. In the preparation of the affidavits defendants should make note of the principles enumerated in this memorandum opinion.

Upon receipt of defendants' submission, and after the plaintiff has had an opportunity to respond, the Court will again consider whether a factual issue exists as to the adequacy of the search. If the Court finds the defendants' submission to be so lacking in detail and insufficient, as a matter of law to preclude dismissal or summary judgment, the Court will then allow the plaintiff to conduct discovery the nature and scope of which will be determined at a later date, when and if it becomes necessary and appropriate.

Orders consistent with this memorandum opinion shall be entered.