The **HOME INDEMNITY COMPANY, Plaintiff,**

v.

**JOHNSON COUNTY FISCAL COURT, et al., Defendants.**

**Civ. A. No. 87–9.**

United States District Court, E.D. Kentucky, Pikeville Division.

Dec. 27, 1987.

Richard M. Trautwein, Robert A. Winter, Jr., Barnett & Alagia, Louisville, Ky., for plaintiff.

J. Scott Preston, Paintsville, Ky., for defendants.

## MEMORANDUM OPINION

WILHOIT, District Judge.

The plaintiff, The Home Indemnity Company (Home) is seeking a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 adjudging that it does not provide coverage of the claims against the insured noted below, under a

general liability policy issued to Johnson County Fiscal Court covering the period from July 1, 1984, through July 1, 1987. This Court has jurisdiction pursuant to diversity, 28 U.S.C. § 1332(a) with the amount in controversy exceeding the jurisdictional requirement.

This action is submitted on cross-motions for summary judgment.

The defendants are Johnson County Fiscal Court, the County Judge Executive, the present members of the Fiscal Court, the former members of the Fiscal Court at the time of occurrence of events in question, the County Jailer and a Deputy County Jailer (Johnson Defendants).

The parties are apparently in agreement as to the pertinent facts, leaving in issue the legal questions of whether the Johnson County Jail is included in the term "penal institutions" and also whether the operation of the jail is included in the county's duties to provide law enforcement, as excluded from coverage by the policy.

The policy covers liability for personal injuries "which the insured became legally obligated to pay" and then excludes therefrom:

1. Liability arising out of the ownership or operation of any penal institutions.

2. Liability arising out of all wrongful act(s) which result in personal injury, bodily injury, or property damage caused by an occurrence and arising out of the performance of the insured's duties to provide law enforcement and/or other departmentally approved activities, or arising out of the ownership, maintenance or the use of any premises necessary for such operations (including the ways immediately and adjoining such premises) and all operations necessary and incidental thereto.

It is the contention of Home that the term "penal institution" includes a jail operated and maintained for the incarceration of prisoners and also that the operation of the jail by the Johnson defendants is a "law enforcement" activity arising out of the county's duties to provide for the imprisonment of prisoners.

The Johnson defendants argue to the contrary, i.e., that a jail is not a penal institution in its ordinary meaning and as used in the exclusion, and that neither does the county provide for the performance of law enforcement duties with its only obligation being only to provide funds for other constitutional officers to provide performance of law enforcement duties.

On August 18, 1985, Randy Haight, an inmate of the Johnson County Jail, escaped. On or about August 22, 1985, he shot and killed Patricia L. Vance and David R. Omer in Garrard County, Kentucky. On August 15, 1986, Action No. 86–233 was filed in this Court and Division by the decedent's estates and the guardians for the infant children of the decedents, asserting claims under 42 U.S.C. § 1983. Also on same date claims were filed before the Kentucky Board of Claims by the same parties alleging negligent operation of the jail in allowing the escape of the inmate.

The parties are in agreement with the general principles of law that an insurance contract is construed against the party who prepared it. *Pulliam v. Wiggins,* Ky. 580 S.W.2d 228 (1978); *Hartford Accident and Indemnity Company v. Western Fire Insurance Co.,* 196 F.Supp. 419 (E.D.Ky. 1961). On the other hand, where the provisions are unambiguous, the words used must be construed according to the plain and ordinary meaning. *National Surety Corp. v. Dotson,* 270 F.2d 460 (6th Cir. 1959).

Black's Law Dictionary defines penal institutions as a "generic term to used describe all places of confinement for those convicted of crimes such as jails, prisons and houses of correction."

■ The terms "penal institution" and "prison" are defined in 60 Am Jur 2d, Penal and Correctional Institutions, § 2, at page 1129 as:

The words "penal institution" and "prison" are generic terms comprising places maintained by public authority for the detention of those confined under legal process whether criminal or civil, and whether the imprisonment is for the pur-

pose of insuring the production of the prisoner to answer any future legal proceeding, or whether it is for the purpose of punishment for an offense for which the defendant has been duly convicted and for which he has been duly sentenced.

A jail is defined "as any facility operated by a unit of local government for the detention or correction of a defendant suspected or convicted of a crime and which has authority to detain longer than 48 hours" id. § 3 at page 1130.

KRS 67.080(2)(d) provides that "the fiscal court shall provide for the incarceration of prisoners according to the provisions of KRS Chapter 441.

Chapter 441 of Kentucky Revised Statutes establishes the county's responsibility and duty to provide for incarceration of prisoners by operating and maintaining a jail or contracting with another county for such incarceration (KRS 441.025). The Corrections Cabinet of the state is empowered with supervisory and regulatory powers over the county jail (KRS 441.055, et al.). As used in Chapter 441 "jail" means county jails and correctional or detention facilities defined in KRS 67B.020 and juvenile detention centers, operated by and under the supervision of any political subdivision" (KRS 441.005(1)).

KRS 67B.020(3) referred to in KRS 441.-005 provides that "correctional facilities" means the county jail and all other detention and *penal facilities* of a county . . . . as such facilities may be designated from time to time by the fiscal court. (emphasis added).

The word "penal" is defined in Black's Law Dictionary as "punishable, inflicting punishment, containing a penalty, or relating to a penalty."

In enacting laws governing the escape offenses, the Kentucky Legislature defined a "detention facility" as meaning "any place used for confinement of a person." (KRS 520.010(4)

The Court of Appeals of Kentucky in the case of *Denham v. Commonwealth*, 84 S.W. 538, 119 Ky. 508, held that a jail is a prison appertaining to a county or municipality in which are confined for *punishment*, persons convicted of misdemeanors. (emphasis added)

Although making it mandatory that the county provide a jail or make arrangements with another county for the incarceration of prisoners, the Kentucky Legislature has not made a definitive statement that a county jail is a penal institution. Yet, it is apparent from the total language of the various acts noted above, a county jail is a penal facility, used for punishment of persons convicted for the commission of misdemeanors. The jails are also places of detention, at least on a temporary basis, for convicted felons, as well as the detention of persons awaiting disposition of criminal charges filed against them. As appears from Civil Action No. 86–233, of pending in this Court, which this Court has judicial notice, Haight, the escapee, was a convicted felon being temporarily incarcerated in the Johnson County Jail at the time of his escape.

If the term penal institution, as used in the exclusion is limited to mean only the penitentiaries and the branches thereof, operated and maintained by the Commonwealth, as appears to be the contention of the Johnson defendants, then no purpose would be served by placing such exclusion in the policy since the Johnson defendants are in no way responsible for the operation of such state facilities.

Thus the Johnson County jail, being used for incarceration of convicted persons for penal purposes, as well as detention or correctional purposes, it is determined to be a penal institution within the sense the term is used in the exclusion provisions of the policy.

■ In regard the provision of the policy pertaining to the law enforcement exclusion, it is stated in 60 Am.Jur.2d, Penal and Correctional Institutions, § 8, at page 1132, sub-paragraph:

The erection and operation of prisons and jails, whether by a state, a county, . . . is a purely governmental function, being an indispensable part of the administration of the criminal law, . . . Such institu-

tions are a part of the police system for the preservation of order and the security of society....

Peace Officers, under Kentucky law, include jailers as well as others, with authority to make arrest. KRS 446.010(24).

In the case of *Duffin v. Carlson,* 636 F.2d 709 (D.C.Cir.1980) the Court noted that prisons perform functions in the enforcement of criminal laws and that Congress had determined they were a law enforcement agency. Id. at page 713.

The Louisiana Court of Appeals, in the case of *Siat v. Fauria,* 494 So.2d 1224 (La.App.1986) approved the exclusion of activities of law enforcement personnel from coverage under a similar policy.

There can be no valid argument that the operation of a jail, for the purpose of incarceration of convicted criminals or detention of accused, pending disposition of charges against them, is a component of and incidental to law enforcement.

There being no genuine issue of facts herein, and it being determined that a jail is a penal institution, and also that the operation and maintenance of a jail is necessary and incidental to law enforcement, the exclusions in the policy preclude any coverage by the policy of the alleged claims against the Johnson defendants. There being no coverage, the insurer, Home, has no obligation to defend.

The motion of the Johnson defendants for summary judgment is DENIED and the motion of Home for a summary judgment in accordance with this complaint is GRANTED, with an Order and Judgment being entered herewith.

## ORDER AND JUDGMENT

In accordance with the Memorandum Opinion filed herewith it is ORDERED AND ADJUDGED as follows:

1. The motion of the defendants for a summary judgment is denied.

2. The motion of the plaintiff for a summary judgment is granted.

3. That the contract of insurance issued by the plaintiff to the Johnson Fiscal Court does not:

(a) provide coverage to the Johnson Defendants and the Johnson County Jail in respect to the Claimants complaint and claims relating to:

(i) the Fiscal Court's ownership, maintenance, use and/or operation of the Johnson County Jail; and

(ii) the Fiscal Court's alleged conspiracy to permit incarcerated persons to escape from the Johnson County Jail; and

(b) require the plaintiff insurer to provide a defense to the defendants Action No. 86–233 filed in this Court and the claims filed before the Kentucky Board of Claims against these defendants.

4. The plaintiff shall recover its costs herein and this action is STRICKEN from the docket.