R. Kevin Barbour Butler County Prosecuting Attorney Butler County Courthouse Poplar Bluff, Missouri 63901
Dear Mr. Barbour:
This opinion is in response to your questions asking:
 1. Can a third class county expend sales tax revenue collected pursuant to RSMo § 67.582 for a facility which houses one or two Associate Circuit Court courtrooms and clerk's offices and/or the county prosecutor's office, in addition to a jail and sheriff's offices?
 2. Alternatively, may the county build a facility for jail, sheriff's offices, courtrooms and clerk's offices and prosecutor's offices, but separate the cost of any part of it not considered a law enforcement purpose and pay for such nonallowable portion of the facility from general funds?
You have provided the following information:
 Butler County has in effect a permanent 1/2 cent sales tax under RSMo § 67.505. Butler County has no other sales tax. The county commission desires to place on the ballot a request for an additional county 1/2 cent sales tax under RSMo § 67.582. The main purpose for the additional revenue would be the construction and operation of a county jail and sheriff's offices. Present architect plans provide for the new facility to be annexed to the present court house. Alternate plans would place it across a street from the present court house . . . .
 Butler County is in dire need of a new jail and sheriff's office, but also sorely needs a new courtroom and prosecutor's offices.
Section 67.582, RSMo Supp. 1989, provides for the assessment of a law enforcement sales tax. The statute provides, in part, the following:
 67.582. Law enforcement sales tax — rate of tax — election procedure — special trust fund — duties of director of revenue — exemptions, discounts, penalties, refunds — delinquent taxes, procedure (all counties except first class charter). — 1. The governing body of any county, except a county of the first class with a charter form of government, is hereby authorized to impose, by ordinance or order, a sales tax in the amount of one-fourth of one percent, three-eighths of one percent or one-half of one percent on all retail sales made in such county which are subject to taxation under the provisions of sections 144.010 to 144.510, RSMo.
* * *
 2. The ballot of submission shall contain, but need not be limited to, the following language:
 Shall the county of _____ (county's name) impose a county-wide sales tax of ________ (insert amount) for the purpose of providing law enforcement services for the county?
[ ] Yes
[ ] No
* * *
 3. All revenue received by a county from the tax authorized under the provisions of this section shall be deposited in a special trust fund and shall be used solely for providing law enforcement services within such county for so long as the tax shall remain in effect.
 4. Once the tax authorized by this section is abolished or is terminated by any means, all funds remaining in the special trust fund shall be used solely for providing law enforcement services within the county. Any funds in such special trust fund which are not needed for current expenditures may be invested by the governing body in accordance with applicable laws relating to the investment of other county funds.
* * *
 13. All sales taxes collected by the director of revenue under this section on behalf of any county, less one percent for cost of collection which shall be deposited in the state's general revenue fund after payment of premiums for surety bonds as provided in this section, shall be deposited in a special trust fund, which is hereby created, to be known as the "County Law Enforcement Sales Tax Trust Fund" . . . . Expenditures may be made from the fund for any law enforcement functions authorized in the ordinance or order adopted by the governing body submitting the law enforcement tax to the voters. [Emphasis added.]
* * *
The terms "law enforcement services" and "law enforcement functions" are not defined. There is no evidence in the statute of a legislative intent to restrict these terms to any particular type of law enforcement service or function. On the contrary, the legislature has provided that the funds may be expended "for any law enforcement functions authorized in the ordinance or order adopted by the governing body . . . ." [Emphasis added.] Section 67.582.13. The word "any" is all-comprehensive and the equivalent of "every." State ex rel.Randolph County v. Walden, 357 Mo. 167, 206 S.W.2d 979, 983
(banc 1947).
The terms are to be given their plain and ordinary meaning in accordance with the rule of statutory construction often expressed as: "The primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning." BlueSprings Bowl v. Spradling, 551 S.W.2d 596, 598 (Mo. banc 1977).
Turning to Webster's Third New International Dictionary for the plain and ordinary meaning of "service," "function," and "enforce", we find, in part, the following:
 enforce — to put in force: cause to take effect: give effect to esp. with vigor [laws] . . . syn. Implement: Enforce refers to requiring operation, observance, or protection of laws, orders, contracts, and agreements by authority, often that of a whole government or of its executive or legal branches [this law is seldom enforced] . . . .
 function — the action for which a person or thing is specially . . . responsible . . . the activity appropriate to the nature or position of a person or thing . . . . syn. Function, office, duty, and province can signify in common the acts, activity, or operations expected of a person or thing by virtue of his or its nature, structure, status, or position. . . .
 service — the duties, work, or business performed or discharged by a government official. . . .
"Law enforcement services" and "law enforcement functions" appear to be synonymous terms as used in Section 67.582.
In addressing the first question you pose, we need to consider if a facility to be used by each of the following can be considered a "law enforcement service" — "law enforcement function": 1) jail and sheriff's office, 2) county prosecutor's office, and 3) associate circuit court courtroom and circuit clerk's office.
Turning first to the jail and sheriff's office, Section221.020, RSMo Supp. 1989, provides in part:
 221.020. Sheriffs to be jailers, exception, Clay County. — Except as otherwise provided in this section, the sheriff of each county in this state shall have the custody, rule, keeping and charge of the jail within his county, and of all the prisoners in such jail, and may appoint a jailer under him, for whose conduct he shall be responsible. . . .
The exception for Clay County in Section 221.020 is not relevant to your question since we understand your question relates to Butler County.
The incarceration of persons charged with or convicted of law violations obviously is a "law enforcement function". That the sheriff is responsible for same is evident from Section221.020 above and other sections of Chapter 221, RSMo. Seealso, Home Indemnity Company v. Johnson County Fiscal Court,682 F. Supp. 326, 328 (E.D. Ky. 1987), wherein the operation of a county jail was deemed "law enforcement" within the meaning of an exclusion in the county liability insurance policy.
Chapter 57, RSMo, further sets forth duties of the sheriff. Among his duties are those contained in Sections57.100 and 57.110, RSMo 1986. These sections provide:
 57.100. Duties generally. — Every sheriff shall quell and suppress assaults and batteries, riots, routs, affrays and insurrections; shall apprehend and commit to jail all felons and traitors, and execute all process directed to him by legal authority, including writs of replevin, attachments and final process issued by circuit and associate circuit judges.
 57.110. Duties as conservators of the peace — return of recognizance. — Every sheriff is a conservator of the peace within his county, and shall cause all offenders against law, in his view, to enter into recognizance, with security, to keep the peace and to appear at the next term of the circuit court of the county, and to be committed to jail in case of failure to give the recognizance. The sheriff shall certify the recognizance to the clerk of the circuit court.
There seems no doubt the sheriff performs a law enforcement function. Based on the foregoing, we conclude a facility to house the jail and sheriff's office is a permissible use of the sales tax revenue collected under Section 67.582.
Turning to the office for the county prosecuting attorney, Section 56.060, RSMo 1986, provides in part:
 56.060. Prosecutor's duties, generally, expenses — employed attorney, how compensated. — 1. Each prosecuting attorney shall commence and prosecute all civil and criminal actions in his county in which the county or state is concerned, defend all suits against the state or county, and prosecute forfeited recognizances and actions for the recovery of debts, fines, penalties and forfeitures accruing to the state or county. . . .
A prosecuting attorney's prosecution of criminal matters in which the county or state has an interest is a "law enforcement service" or "law enforcement function" for the reason that there would be no enforcement of applicable statutes or ordinances in the absence of such prosecution. See also, Criminal InjuriesCompensation Board v. Gould, 331 A.2d 55, 75 (Md. 1975) in which the term "law enforcement agency" was held to include "the police, prosecutors and arguably, the courts and even the Grand Jury . . . ."
The final aspect of your first question concerns the associate circuit court courtroom and circuit clerk's office. Section 557.011, RSMo 1986, provides:
 557.011. Authorized dispositions. — 1. Every person found guilty of an offense shall be dealt with by the court
in accordance with the provisions of this chapter . . . .
 2. Whenever any person has been found guilty of a felony or a misdemeanor the court shall make one or more of the following dispositions of the offender in any appropriate combination. The court may:
 (1) Sentence the person to a term of imprisonment . . .
 (2) Sentence the person to pay a fine . . .
 (3) Suspend the imposition of sentence . . .
 (4) Pronounce sentence and suspend its execution . . .
 (5) Impose a period of detention as a condition of probation . . .
 3. Whenever any person has been found guilty of an infraction, the court
shall make one or more of the following dispositions of the offender in any appropriate combination. The court may:
 (1) Sentence the person to pay a fine . . .
 (2) Suspend the imposition of sentence . . .
 (3) Pronounce sentence and suspend its execution . . .
 4. Whenever any organization has been found guilty of an offense, the court shall make one or more of the following dispositions of the organization in any appropriate combination. The court may:
 (1) Sentence the organization to pay a fine . . .
 (2) Suspend the imposition of sentence . . .
 (3) Pronounce sentence and suspend its execution . . .
 (4) Impose any special sentence or sanction authorized by law. [Emphasis added.]
* * *
The sentencing of law violators is one aspect of law enforcement. It is a function which may not be performed by prosecutors or sheriffs. Sentencing is but one law enforcement function or service of the circuit and associate circuit courts. Others include presiding over preliminary hearings and trials, setting bond, etc. See Section 544.250, RSMo 1986; Chapter 546, RSMo; and Section 478.248, RSMo 1986; among others. See also, Criminal Injuries Compensation Board v.Gould, supra. It is the duty of the clerk of the circuit court to maintain a record of all orders and proceedings of the court, Section 483.075.1, RSMo 1986, and to enter judgment in the records of the court. Section 546.590, RSMo 1986. It is also the role of the clerk to deliver to the sheriff a transcript of the entry of a conviction which authorizes the sheriff to execute the sentence. Section 546.600, RSMo 1986. Therefore, we conclude a facility to house the associate circuit court courtrooms and circuit clerk's office is a permissible use of the sales tax revenue collected under Section 67.582.
Your first question having been answered in the affirmative, it is unnecessary to address your second question.
CONCLUSION
It is the opinion of this office that a third class county may expend sales tax revenue collected pursuant to Section67.582, RSMo Supp. 1989, for a facility to house associate circuit court courtrooms, the circuit clerk's office, the county prosecuting attorney's office, the county sheriff's office, and the county jail.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General