**Frank D. GREENTREE, Plaintiff,**
v.
**UNITED STATES CUSTOMS SERVICE,**
**Defendant.**
**Civ. A. No. 80–1869.**
United States District Court,
District of Columbia.
May 28, 1981.

Richard M. Ricks, Washington, D. C., for plaintiff.

Richard L. Huff, Attorney-Advisor to the Associate Atty. Gen., Dept. of Justice, Washington, D. C., for defendant.

JOHN LEWIS SMITH, Jr., District Judge.

## MEMORANDUM

Plaintiff brings this action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1976), and the Privacy Act, 5 U.S.C. § 552a (1976). He seeks to compel access to certain documents and material pertaining to himself, and has exhausted all applicable administrative procedures. Three documents are the subject of this dispute: a Memorandum of Information Received and two Reports of Investigation. Defendant, the United States Customs Service, has withheld all the information in accordance with specific statutory exemptions, and both sides have moved for summary judgment. In addition, plaintiff has asked for a fuller *Vaughn v. Rosen* index in the event its motion for summary judgment is denied, and defendant has moved for protective orders until its dispositive motion is considered.

Under the Privacy Act, access to an individual's records may be denied if the information is in a system of records which has been declared exempt by the withholding agency. Section (j), 5 U.S.C. § 552a(j) (1976), provides, in pertinent part:

> The head of any agency may promulgate rules, . . . to exempt any system of records within the agency . . . if the system of records is—
>
> . . . .
>
> (2) maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities, and which consists of (A) information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; (B) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or (C) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

The documents at issue here are located in a system of records known as the Investigations Record System, which has been exempted from the access provisions of the Privacy Act, 31 C.F.R. § 1.36, at 79–80 (1980). The material is thus specifically exempted from disclosure under that act. *See Exner v. Federal Bureau of Investigation*, 612 F.2d 1202, 1204–05 (9th Cir. 1980). Plaintiff has not contested this.

Plaintiff does contend, however, that any withholding of this information is a viola-. tion of FOIA. Implicit in this assertion is the assumption that material exempt from disclosure under the Privacy Act may nevertheless be required to be disclosed under FOIA. Although both parties have adopted that position, the case law is to the contrary. In *Painter v. Federal Bureau of Investigation*, 615 F.2d 689 (5th Cir. 1980), the Fifth Circuit specifically held that "material exempted from disclosure under the provisions of the Privacy Act are matters 'specifically exempted from disclosure by statute' under 5 U.S.C. § 552(b)(3) [FOIA]." 615 F.2d at 690–91 & n.3. The Seventh Circuit had earlier found that FOIA could not compel disclosure of material exempt under the Privacy Act. *Terkel v. Kelly*, 599 F.2d 214, 216 (1979), *cert. denied*, 444 U.S. 1013, 100 S.Ct. 662, 62 L.Ed.2d 642 (1980). In a similar vein, this Circuit has suggested that the exemptions for confidential information of FOIA and the Privacy Act should be interpreted coextensively. *Duffin v. Carlson*, 636 F.2d 709, 711 (D.C.Cir.1980).

The parties have cited no cases holding or implying that the Privacy Act is not within the FOIA (b)(3) exemption, but they object to the above analyses on other grounds. First, they contend that Section (b)(2) of the Privacy Act precludes such an interpretation. That section states, in relevant part:

(b) Conditions of Disclosure.—No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be—

. . . .

(2) required under section 552 of this title [FOIA];

From this the parties conclude that the Privacy Act was not intended to affect obligations under FOIA. That analysis begs the question. There is no doubt that Section (b)(2) of the Privacy Act allows disclosure if disclosure is required under FOIA, but it does not resolve the question of whether information exempt under the Privacy Act can, in fact, be required to be disclosed under FOIA.

The answer to that question is found in Section (b)(3) of FOIA which reads as follows:

(b) This section does not apply to matters that are—

. . . .

(3) specifically exempted from disclosure by statute (other than section 552b of this title [the Sunshine Act]), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

Since the Privacy Act does refer to particular types of matters to be withheld—all material generated by the exempt systems—the Privacy Act is, by the plain language of FOIA, within the (b)(3) statutory exemption.

Moreover, this analysis is consonant with the criteria established in cases involving other statutes and the FOIA (b)(3) exemption. The Supreme Court has implied that whether a statute is exempt under Section (b)(3) turns, in general terms, upon whether the statute sets forth "sufficiently definite standards." *Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 122, 100 S.Ct. 2051, 2063, 64 L.Ed.2d 766 (1980). Certainly the standards established by Section (j) of the Privacy Act, noted above, are rigorous enough to meet that criterion. The Privacy Act is also within the requirements enunciated in *American Jewish Congress v. Kreps*, 574 F.2d 624, 628–29 (D.C.Cir.1978). The legislative history of the Privacy Act manifests an appreciation of the danger in allowing an individual to see his own intelligence or investigative files, *see Protecting Individual Privacy in Federal Gathering, Use and Dis-*

*closure of Information,* S.Rep.No.93–1183, 93d Cong., 2d Sess. 23 (1974), *reprinted in Legislative History of the Privacy Act of 1974,* at 176 (1976), and Section (j) sets out a precise definition of the material that may be withheld to eliminate the hazard which Congress foresaw. The fact that Section (j) does not mandate nondisclosure does not affect its status within the FOIA (b)(3) exemption. *See Founding Church of Scientology v. National Security Agency,* 610 F.2d 824, 827 (D.C.Cir.1979). Thus it is apparent from a reading of the statutes and the cases that the Privacy Act should be construed as an exempting statute within the meaning of Section (b)(3) of FOIA.

This interpretation is not contradicted by the legislative history of the Privacy Act, which is ambiguous on the point. For instance, a provision of an earlier bill passed by the Senate clearly prohibited use of the Privacy Act to withhold information disclosable under other statutes, including, presumably, FOIA. S. 3418, 93d Cong., 2d Sess., § 205(b) (1974), *reprinted in Legislative History of the Privacy Act of 1974,* at 365 (1976). That language was deleted from the final version of the bill, suggesting that Congress did not intend to prohibit use of the Privacy Act for such purposes. On the other hand, at the time of its passage the Privacy Act was construed as preserving the status quo regarding the disclosure of personal information. *See* 120 Cong.Rec. 40882 (1974). That language is found in a staff analysis introduced into the record, *id.* at 40881, not in any report of Congress. As such, it is substantially less authoritative.

■ The parties also point out that the principal administering agency, the Department of Justice, does not interpret the Pri-

vacy Act as being within the FOIA (b)(3) exemption. 28 C.F.R. § 16.57(b) (1980). Any deference due that interpretation[1] is limited by the obligation to honor the clear meaning of the statute, as shown by its language and purpose. *Southeastern Community College v. Davis,* 442 U.S. 397, 411, 99 S.Ct. 2361, 2369, 60 L.Ed.2d 980 (1979). The language and purposes of the statutes at issue here indicate that the material sought by plaintiff need not be disclosed, and any contrary administrative interpretation cannot stand.

Three other objections must be considered. The parties have stated that various commentators agree that the Privacy Act is not a barrier to disclosure under FOIA.[2] While such comments are of value, they are not persuasive when the cases and the statutory language command the opposite conclusion. They also argue that reading the Privacy Act as a statute within the FOIA (b)(3) exemption under these circumstances would nullify the Congressional intent inherent in the FOIA (b)(7) law enforcement exemption. While it is by no means clear that Section (b)(7) of FOIA and Section (j) of the Privacy Act are in conflict, *see Duffin v. Carlson,* 636 F.2d at 711, the converse is also true. If the two sections are in conflict, and this Court were not to honor the exemption set forth in Section (j), it would, in effect, render Section (j) meaningless. Since the Privacy Act was passed after the amendments to (b)(7) of FOIA, any conflict between the two sections must be resolved in favor of the Privacy Act. Finally, plaintiff contends that because defendant did not argue that Section (b)(3) of FOIA is applicable to the Privacy Act, the Court is precluded from considering that defense. The implication

---

1. The administrative interpretation has not been entirely consistent. The initial response reached the conclusion that information unavailable under the Privacy Act was likewise unavailable under FOIA. *See* 121 Cong.Rec. 32889–90 (1975) (letter of opinion of Office of Legal Counsel, Department of Justice).

2. *E. g.,* Staff of Senate Subcomm. on Administrative Practice and Procedure, Comm. on the Judiciary, 95th Cong., 2d Sess., *Report on*

*Oversight Hearings on Agency Implementation of the 1974 Amendments to the Freedom of Information Act,* at 123 & n.76 (Comm. Print 1980); J. O'Reilly, *Federal Information Disclosure* § 20.13 (1979); Note, *The Privacy Act of 1974: An Overview,* 1976 Duke L.J. 301, 313 (1976); Comment, *The Freedom of Information Act's Privacy Exemption and the Privacy Act of 1974,* 11 Harv. C.R.–C.L. L.R. 596, 628–29 & n.152 (1976).

of this contention is that when a party pleads a statute as a defense, a court is bound by the party's construction of the statute. Plaintiff has cited no authority for such a proposition.

In sum, weighing the various competing analyses, the Court must give greatest weight to the language of the statutes themselves, and then, in the absence of any clear legislative history, to judicial interpretations. Accordingly, the Court holds that since the material at issue here is exempt from disclosure under the Privacy Act, it is also exempt from disclosure under FOIA pursuant to Section (b)(3). Having reached that conclusion, it is not necessary to consider whether the information is also exempt under other specific statutory provisions of FOIA, nor is it necessary to consider the remaining motions before the Court. An appropriate order follows.