717 F.2d 799
 PROVENZANO, Anthony, Appellant,
v.
UNITED STATES DEPARTMENT OF JUSTICE, William French Smith,
Attorney General of the United States, and William
H. Webster, Director of the Federal
Bureau of Investigation.
 No. 82-5681.
 United States Court of Appeals,
Third Circuit.
 Argued Aug. 4, 1983.
Decided Sept. 15, 1983.
 
 On Appeal from the United States District Court for the District of New Jersey--Newark; Clarkson S. Fisher, Judge.
 
 
 1
 Harvey Weissbard, West Orange, N.J., for appellant.
 
 
 2
 J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., W. Hunt Dumont, U.S. Atty., Newark, N.J., Leonard Schaitman, Douglas Letter (argued), Attys., Civ. Div., Dept. of Justice, Washington, D.C., for appellees.
 
 
 3
 Before GIBBONS and HUNTER, Circuit Judges, and MANSMANN,* district judge.
 
 OPINION OF THE COURT
 PER CURIAM:
 
 4
 In April of 1978 Anthony Provenzano submitted a Freedom of Information Act request to the Department of Justice for all documents indexed under or containing his name. In July of 1980 he appealed to the Attorney General from the failure of the Criminal Division to respond to his request, and was informed that since it would take 25 months before the request could be processed, he could regard his appeal as denied, and bring action in an appropriate federal court.
 
 
 5
 In December 1981 Provenzano filed the instant action. The government moved for summary judgment, filing in support thereof affidavits of Douglas S. Wood and James C. Felix, which established that the requested records were in a system of records exempted by agency action pursuant to 5 U.S.C. Sec. 552a(j)(2) (1982). The trial court, relying on Painter v. Federal Bureau of Investigation, 615 F.2d 689 (5th Cir.1980), and rejecting the authority of Greentree v. United States Customs Service, 674 F.2d 74 (D.C.Cir.1982), granted summary judgment, and Provenzano appealed.
 
 
 6
 In Porter v. Department of Justice, 717 F.2d 787 (3d Cir.1983), filed simultaneously herewith, we hold that the Privacy Act did not pro tanto repeal the Freedom of Information Act insofar as the latter provides access for requesters to information about themselves. That holding requires that the summary judgment in this case be reversed.
 
 
 7
 The judgment appealed from will be reversed and the case remanded for further proceedings.
 
 
 8
 Opinion on rehearing, 722 F.2d 36.
 
 
 
 *
 Hon. Carol Los Mansmann, United States District Judge for the Western District of Pennsylvania, sitting by designation