**PROVENZANO, Anthony, Appellant,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, William French Smith, Attorney General of the United States, and William H. Webster, Director of the Federal Bureau of Investigation.**

No. 82–5681.

United States Court of Appeals,
Third Circuit.

Nov. 10, 1983.

As Amended Dec. 9, 1983.

Certiorari Granted April 2, 1984.
See 104 S.Ct. 1706.

JOHN J. GIBBONS, Circuit Judge.

Judges Adams, Weis, Garth and Becker would grant rehearing.

SUR PETITION FOR REHEARING

Before SEITZ, Chief Judge, ALDISERT, ADAMS, GIBBONS, HUNTER, WEIS, GARTH, HIGGINBOTHAM, SLOVITER and BECKER, Circuit Judges, and MANSMANN, District Judge.*

The petition for rehearing filed by appellant in the above entitled case, 717 F.2d 799 having been submitted to the judges who participated in the decision of this court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular ac-

tive service not having voted for rehearing by the court in banc, the petition for rehearing is denied.

STATEMENT SUR DENIAL OF
PETITION FOR REHEARING

ADAMS, Circuit Judge.

Anthony Provenzano, who has a host of serious convictions on his record and who admittedly has been involved in organized crime, has requested that the government turn over all FBI and Department of Justice files relating to him and to his activities. Although one of the goals of the Privacy Act is to make material available to first party requesters, a persuasive argument may be made that Exemption Three of the Freedom of Information Act (FOIA) authorizes the government to deny Provenzano's request. 5 U.S.C. § 552(b)(3) (1977). That exemption incorporates into FOIA other statutes providing for non-disclosure, and exemption (j)(2) of the Privacy Act, 5 U.S.C. 552a(j)(2) (1977), seems to allow directors of criminal enforcement agencies to exempt entire "systems of records" from first-party access.

Since there is now a square conflict among the Circuits on this issue—the Fifth and Seventh Circuits going one way and the District of Columbia Circuit going the other—and since this matter is of considerable importance to the administration of criminal justice, I respectfully suggest that the question presented requires the attention of the entire court. See *Greentree v. United States Customs Service*, 674 F.2d 74 (D.C. Cir.1982); *Painter v. FBI*, 615 F.2d 689 (5th Cir.1980); *Terkel v. Kelly*, 599 F.2d 214 (7th Cir.1979), *cert. denied*, 444 U.S. 1013, 100 S.Ct. 662, 62 L.Ed.2d 642 (1980).

It is difficult for me to believe that in enacting FOIA and the Privacy Act, Congress intended to make it possible for someone in the position of Provenzano to require that the FBI and the Department of Justice turn over an entire system of records. An

---

* Hon. Carol Los Mansmann, United States District Judge for the Western District of Pennsyl- vania, sitting by designation.

open government is surely one of the fundamental prerequisites of democracy; that is not to say, however, that law enforcement agencies, under the supervision of the legislature and the courts, may not legitimately under law limit access to investigative material.

WEIS and GARTH, JJ., join in this statement.